CRICHTON, J.,
concurring and assigning additional reasons.
hi join in the majority’s opinion permanently disbarring respondent, but I write separately to note that I find respondent’s pattern of intentional and flagrant misconduct to be particularly outrageous.
Respondent’s repeated acts of professional misconduct, as set forth in the per curiam, cannot be considered a mistake or omission. The hearing committee found that respondent engaged in multiple instances of conversion (an intentional act), and the disciplinary board determined that respondent knowingly and intentionally violated duties owed to his clients, the public, the legal system, and the profession. Indeed, even after being sued by Whitney National Bank for overdrawing his client trust account (in part as a result of making personal car and phone payments from the account), respondent did not stop committing intentional acts of misconduct. For instance, the month after resolution of the Whitney Bank lawsuit, he again overdrew a client trust account at Chase Bank. He thereafter committed several additional in *798 fractions, including repeated failures to promptly disburse settlement funds.
In short, over the years, he continued to disburse settlement funds belonging to one client to other clients — conduct that borders on a Ponzi scheme. See Ponthier v. Monalla, 06-632 (La.App. 5 Cir. 1/30/07), 951 So.2d 1242, 1251 (defining “Ponzi scheme” as “a scheme in which a swindler uses money from later victims to pay earlier victims”) (citing Cunningham v. Brown, 265 U.S. 1, 44 S.Ct. 424, 68 L.Ed. 873 (1924)). Further, respondent’s offhand reference to paying clients “lagniappe for the hassle” of late and missing payments is incongruous — and ridiculous. In my opinion, the |2vast majority of professional attorneys who follow the Rules of Professional Conduct would view respondent’s “lagniappe” as pure theft.
Separately, as explained in the per cu-riam, the hearing committee noted that respondent’s psychiatrist did not make a causal connection between respondent’s ADHD and his misconduct, but viewed it as playing a part in that misconduct. In my view, though, even if respondent’s ADHD was not a “cause” of his misconduct and was merely a contributing factor, it is, at the least, obvious from the outcome that respondent failed adequately to manage his disability. As this Court recognized in another case involving attorney discipline and the claim of ADHD: “ADHD does not deprive an individual of the ability to know the difference between right and wrong.” In re Sharp, 2009-0207 (La.6/26/09), 16 So.3d 343, 346. As such, it “does [not] excuse respondent’s behavior” in this matter. Id.
Given the repeated and intentional pattern of misconduct here, I support the result of permanent disbarment.